UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETAB SHARAF MOHAMED ALZOKARI; KAID NAGIP ZOKARI; AMAL ALZEWKERI REDHEWAN; FAYIZ NAGIP ZOKARI,<br><br>               Plaintiffs,<br><br>  -against-<br><br>ALEJANDRO MAYORKAS, Secretary of United States Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UR JADDOU, Director of United States Citizenship and Immigration Services; KATHY A. BARAN, Director, California Service Center, United States Citizenship and Immigration Services; KIRT THOMPSON, Director, Texas Service Center, United States Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES LONG ISLAND FIELD OFFICE; ELIZABETH MILLER, Field Office Director, Long Island Field Office, United States Citizenship and Immigration Services; UNITED STATES DEPARTMENT OF STATE; NATIONAL ARCHIVES AND RECORDS ADMINISTRATION; NATIONAL PERSONNEL RECORDS CENTER,<br><br>               Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 22-CV-294 |

*For the Plaintiffs:*
JULIE A. GOLDBERG
Goldberg & Associates, P.C.
5586 Broadway, Third Floor
Bronx, NY 10463

*For the Defendants:*
CHRISTOPHER D. VOLPE
U.S. Attorney's Office, E.D.N.Y.
271 Cadman Plaza East
Brooklyn, NY 11201

1

**BLOCK, Senior District Judge:**

Plaintiffs Etab Shafaf Mohamed Alzokari ("Etab"), Kaid Nagip Zokari ("Kaid"), Amal Alzewkeri Redhewan ("Amal"), and Fayiz Nagip Zokari ("Fayiz") (collectively, "Plaintiffs") bring this action against Defendants Alejandro Mayorkas, Secretary of Department of Homeland Security; U.S. Department of Homeland Security ("DHS"); U.S. Citizenship and Immigration Services ("USCIS"); Ur Jaddou, Director of USCIS; Kathy A. Baran, Director, USCIS California Service Center; Kirt Thompson, Director, USCIS Texas Service Center; USCIS Long Island Field Office; Elizabeth Miller, Director, USCIS Long Island Field Office; United States Department of State ("DOS"); National Archives and Records Administration ("NARA"); and National Personnel Records Center (collectively, "Defendants"), alleging violations of the U.S. Constitution, Administrative Procedure Act ("APA"), 5 U.S.C. § 706 *et seq.*, and Immigration and Nationality Act, 8 U.S.C. § 1503 ("Section 1503"), and seeking declaratory and injunctive relief. In particular, Plaintiffs ask the Court to declare unconstitutional Section 1503 of the Immigration and Nationality Act, to vacate Defendants' refusal of Plaintiffs' citizenship applications pursuant to the APA, to mandate that Defendants fairly adjudicate Plaintiffs' applications, and to declare Plaintiffs Kaid and Fayiz citizens.

2

Defendants move pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) to dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction over the APA and Section 1503 allegations, and for failing to state constitutional claims. For the following reasons, Defendants' motion is GRANTED.

## Background

Plaintiffs Kaid and Fayiz are Yemeni nationals and lawful permanent residents of the United States. They are brothers, and each claim U.S. citizenship status derived from their now-deceased father Nagip Ayedh Zokari ("Nagip"). Kaid and Fayiz, who are currently in removal proceedings, have argued that prior to their births, Nagip became a naturalized citizen by residing in the U.S. for more than 10 years.

DHS began removal proceedings after Immigrations and Customs Enforcement ("ICE") officers arrested both Kaid and Fayiz, on December 6, 2016. DHS alleged that the brothers were not citizens of the U.S. and had been convicted of conspiracy to commit food stamp fraud in the Eastern District of New York,[1] thus subjecting them to removal.

In March 2017, both Kaid and Fayiz moved to terminate the removal proceedings, arguing that they were U.S. citizens. On February 12, 2018, an

---

[1] *See United States of America v. Fayiz Alzokari*, No. 11-CR-258-1 (E.D.N.Y. July 31, 2012); *United States of America v. Kaid Alzokari*, No. 11-CR-258-3 (E.D.N.Y. July 31, 2012).

3

Immigration Judge denied these motions. The brothers each filed an interlocutory appeal of this decision. On May 16, 2018, the Board of Immigration Appeals ("BIA") declined to hear these interlocutory appeals, noting that the brothers each would have an opportunity to appeal the Immigration Judge's final determinations. These removal proceedings are still ongoing.

Also in March 2017, while these proceedings were underway, Kaid and Fayiz each filed a Form N-600, Application for Citizenship ("Form N-600 Application"). USCIS denied Kaid's Form N-600 Application in July 2019, and denied Fayiz's in September 2019. Each moved for reconsideration. On Dec. 31, 2019, USCIS denied both motions.

On March 23, 2020, Amal filed an I-130 Petition for Alien Relative ("I-130 Petition") on behalf of her husband, Fayiz. On March 30, 2020, Etab also filed an I-130 Petition on behalf of her husband, Kaid. USCIS approved Etab's I-130 Petition on May 31, 2022, and Amal's on June 1, 2022.

**12(b)(1) Motion**

Defendants have moved to dismiss Plaintiffs' claims under the APA and Section 1503 for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

In reviewing a 12(b)(1) motion to dismiss, the Court must "draw all inferences in favor of Plaintiffs, [who] must prove by a preponderance of the

4

evidence that subject matter jurisdiction exists." *Nouritajer v. Jaddou*, 18 F. 4th 85, 88 (2d Cir. 2021). In resolving such a motion "a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986)).

    Section 1503 provides that "no action may be instituted in any case if the issue of [a] person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding." 8 U.S.C. § 1503(a). "By its plain language, § 1503(a)(2) bars a district court from reviewing an administrative decision denying a non-citizen's claim of citizenship if the question of that person's nationality is 'in issue' in a pending removal proceeding." *Wilks v. Farquharson*, 450 Fed. App'x 1, 2 (2d Cir. 2011) (summary order); *see also Headley-Ombler v. Holder*, 985 F. Supp. 2d 379, 386 (E.D.N.Y. 2013) ("The plain meaning of 8 U.S.C. § 1503(a) is clear. A[ non-citizen] who has raised a nationality claim in a past or pending removal proceeding is barred from bringing a declaratory judgment action under Section 1503(a)."); *Ortega v. Holder*, 592 F.3d 738, 743 (7th Cir. 2010) ("[T]he exceptions set forth in subsections (a)(2) and (a)(1) are designed to protect removal proceedings from judicial interference and

5

preserve 8 U.S.C. § 1252 as the exclusive means of challenging a final order of removal.").

There is no question that the citizenship of Kaid and Fayiz is "in issue" in an ongoing removal proceeding. Each raised the citizenship issue in his respective removal proceeding, and then each appealed the Immigration Judge's refusal to terminate his removal proceeding on that basis. The BIA denied these interlocutory appeals, noting that each brother "will, if he so desires, have an opportunity for appellate review of the Immigration Judge's determinations if he is subject to an adverse order at the conclusion of the Immigration Court proceedings." *See* BIA Decision on Fayiz's Interlocutory Appeal, ECF No. 33-5; BIA Decision on Kaid's Interlocutory Appeal, ECF No. 33-11. By the plain language of Section 1503, the Court is thus without jurisdiction concerning Plaintiffs' claims under that statute.

For largely the same reasons, the Court lacks jurisdiction over Plaintiffs' APA claims. Review under the APA is not available "to the extent that . . . statutes preclude judicial review." 5 U.S.C. § 701. Plaintiffs argue the Court nevertheless may hear their APA claims because Section 1503(a) does not so preclude judicial review. As explained above, this is not so. The plain language of Section 1503 does expressly prohibit Plaintiffs from bringing an action in the present circumstances, where "status as a national . . . is in issue in [a] removal proceeding." 8 U.S.C. § 1503. The APA cannot provide a jurisdictional hook where the underlying statute

6

precludes review. *See, e.g.*, *Dussard v. United States*, No. 13-CV-4378, 2014 WL 1570212, at *2–3 (S.D.N.Y. Apr. 17, 2014) (citing *Ortega*, 592 F.3d at 743) (finding judicial review under the APA unavailable due to Section 1503's jurisdictional exceptions).

Additionally, the APA limits judicial review to circumstances in which "there is no other adequate remedy in a court." 5 U.S.C. § 704. Here, there are alternative remedies for Plaintiffs to obtain review of USCIS's denial of the Form N-600 Applications that Kaid and Fayiz made during the pendency of their removal proceedings. For instance, Kaid and Fayiz may appeal the final denial of a derivative citizenship defense in a removal proceeding to a circuit court. *See* 8 U.S.C. § 1252(b); *see also Mata v. Lynch*, 576 U.S. 143, 147 (2015) (noting that an unfavorable BIA decision may be appealed to a circuit court, as "[t]he INA . . . gives the courts of appeal jurisdiction to review 'final order[s] of removal'" (quoting 8 U.S.C. 1252(a)(1))). At that point the circuit court may itself decide the nationality claim if there are no genuine issues of material fact in dispute, or, if there are, transfer the proceeding to a U.S. district court "for a new hearing and a decision on that claim[.]" 8 U.S.C. § 1252(b)(5)(A)–(B).

Thus, the Court is without jurisdiction over Plaintiffs' claims under Section 1503 and the APA.

## 12(b)(6) Motion

The Plaintiffs have also made constitutional claims, alleging violations of procedural due process under the Fifth Amendment, the right to petition under the First Amendment, and separation of powers. Defendants have moved to dismiss these allegations for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

On a Rule 12(b)(6) motion, the Court assumes the complaint's factual allegations, but not legal conclusions, to be true. *See Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). To survive, the complaint must include sufficient facts to state a claim to relief that is facially plausible, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), i.e., the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may also consider any documents attached to the Complaint, *see Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017), and materials of which judicial notice may be taken, *see Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993).

*Fifth Amendment Claim*

The crux of Plaintiffs' Fifth Amendment claim is that Defendants have subjected Kaid and Fayiz to a hearing before "illegitimate" decisionmakers—the Immigration Judge and BIA—that lack authority to decide their citizenship claims. Plaintiffs complain of a due process violation in that they "are required by [Section] 1503(a) [to] proceed through the entire removal proceedings process before they can present their citizenship claim to a court with the authority to hear their claims." Am. Comp. ¶ 152, ECF No. 20.

"To establish a violation of due process, a[ non-citizen] must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotations omitted). The Plaintiffs' allegations recount the repeated opportunities Kaid and Fayiz have had to be heard on the issue of their citizenship before both the Immigration Judge and BIA. *See, e.g.*, Am. Comp. ¶¶ 97–100. Plaintiffs will also have the chance to further appeal a final determination of the Immigration Judge and BIA in the removal proceeding to the Second Circuit. *See* 8 U.S.C. § 1252(b)(5)(A)–(B). That the Plaintiffs must complete an administrative proceeding before obtaining judicial review does not render the administrative decisionmakers illegitimate or the process unconstitutional. *See United States v. Johnson*, 391 F.3d 67, 73 (2d Cir. 2004) (rejecting constitutional

9

challenge to INA provisions and explaining the administrative "exhaustion requirement does not, after all, foreclose or even limit judicial review; the statute merely requires a[ non-citizen] to pursue his due process objections through the administrative process before seeking judicial review").

Plaintiffs have also alleged a procedural due process violation arising from the Defendants' failure to produce full copies of all administrative files, and to instead require them to seek certain records via the Freedom of Information Act. Plaintiffs assert that "Defendants['] requirement that Plaintiffs and all Respondents in removal proceedings file FOIA requests in order to obtain records normally obtained through civil discovery greatly prejudices Respondents and greatly heightens the possibility for mistakes in the proceedings." Am. Comp. ¶ 151. However, this fails to state a claim, as procedural due process requires notice and opportunity to be heard, but does not require Plaintiffs be afforded the full breadth of civil discovery. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (explaining there is no general constitutional right to discovery); *see also Young v. Holder*, 462 Fed. App'x 626, 628 (7th Cir. 2012) (noting "the Constitution does not create an entitlement to discovery" in removal context).

*First Amendment Claim*

The Plaintiffs next allege that Section 1503 unconstitutionally impinges their First Amendment right to petition the government by requiring them "to present

10

their 'claim' 'against the United States' to the executive department rather than the judiciary[.]" Am. Comp. ¶ 175. Plaintiffs' contentions on this score largely repeat the allegations purporting to support their Fifth Amendment claim objecting to the statutory requirement that Plaintiffs proceed before the Immigration Judge and BIA before they may obtain judicial review. *See* Am. Comp. ¶¶ 172–77.

A person's First Amendment petitioning right is violated "where government officials obstruct legitimate efforts to seek judicial redress." *Friedman v. Bloomberg, L.P.*, 884 F.3d 83, 90 (2d Cir. 2017). Plaintiffs have not alleged that the Defendants have engaged in such obstruction. The Amended Complaint itself recounts Plaintiffs' active pursuit of redress in proceedings before the Immigration Judge and BIA, whose decisions are appealable to the judiciary. *See* Am. Comp. ¶ 152. Plaintiffs' inability to immediately bring a cause of action to the district court while removal proceedings are pending under Section 1503 on account of its jurisdictional limitations does not suffice to make out a violation of their right to petition. *See City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 397 (2d Cir. 2008) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("The right to petition exists in the presence of an underlying cause of action and is not violated by a statute that . . . curtails a category of causes of action.")).

11

*Separation of Powers Claim*

Plaintiffs finally allege that by requiring Plaintiffs to present their claims "before [an] agency rather than the judiciary, Section 1503 violates the separation of powers by subverting judicial authority and power." Am Comp. ¶ 183. Plaintiffs argue that Section 1503 has stripped the judiciary of its role of policing executive action by requiring parties to have citizenship claims initially determined by executive agencies.

This is not sufficient to a state a claim that Section 1503 violates separation of powers principles. First, as the Amended Complaint makes clear, what Plaintiffs call an impermissible delegation of judicial authority to the executive branch is an ordinary administrative exhaustion requirement. A statutory requirement that a party exhaust administrative channels before seeking judicial review is not only permitted by separation of powers principles but may in fact promote them. *See City of New York v. Slater*, 145 F.3d 568, 570 (2d Cir. 1998) (per curiam) ("In general, a party is required to exhaust its administrative remedies before seeking judicial review of an agency decision, 'in part because of concerns for separation of powers (i.e., the need to limit judicial interference in the agency process) and the need to conserve judicial resources.'" (quoting *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996))).

12

Additionally, jurisdiction-stripping provisions of the sort contained in Section 1503 are plainly permissible and do not violate separations of powers principles. "[W]hen Congress strips federal courts of jurisdiction, it exercises a valid legislative power no less than when it lays taxes, coins money, declares war, or invokes any other power that the Constitution grants it." *See Patchak v. Zinke* 583 U.S. 244, 252–53 (2018); *see also Cary v. Curtis*, 44 U.S. 236, 245 (1845) (explaining that to deny Congress's power to both create and limit federal jurisdiction would itself undermine separation of powers by "elevat[ing] the judicial over the legislative"). It was thus permissible for Congress to choose, as it did, to oust the Court of jurisdiction over Plaintiffs' citizenship claims while they are at issue in a removal proceeding. *See* 8 U.S.C. § 1503(a).

## Conclusion

For the foregoing reasons, the Defendants' motion to dismiss the Plaintiffs' claims is granted.

**SO ORDERED.**

  /S/ Frederic Block  
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 26, 2024

13